UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), <br><br> Plaintiff, <br><br> v. <br><br> TEMANIA GROUP, LIMITED PARTNERSHIP d/b/a JOHN HANCOCK UNIVERSITY and TEMANIA GROUP GP, INC. d/b/a JOHN HANCOCK UNIVERSITY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |

## COMPLAINT

Plaintiff John Hancock Life Insurance Company (U.S.A.) ("John Hancock") alleges as follows:

### NATURE OF THE ACTION

1.      John Hancock has offered educational services, including classes and courses of instruction relating to financial services, business, and insurance, under the JOHN HANCOCK trademark for many decades.  This action arises from the recent unauthorized use of John Hancock's famous trademark by defendants Temania Group, Limited Partnership and Temania Group GP, Inc. (collectively, "Temania") for the purposes of promoting a for-profit, e-learning business under the name JOHN HANCOCK UNIVERSITY.  There is a high likelihood that the services of John Hancock and Temania will be confused with each other by consumers, or that consumers will believe that John Hancock sponsors or is affiliated with JOHN HANCOCK UNIVERSITY.  In addition, there is a high likelihood that Temania's use of the name JOHN HANCOCK UNIVERSITY will dilute the distinctive nature of plaintiff's famous JOHN HANCOCK mark, and that consumers' negative impressions of Temania's e-learning business

will tarnish the goodwill plaintiff has established in its JOHN HANCOCK mark.  Consequently,

John Hancock seeks injunctive relief and damages under the Lanham Act, 15 U.S.C. §§ 1114(1)

and 1125(a), the Trademark Dilution Revision Act, 15 U.S.C. § 1125(c), Massachusetts General

Laws ch. 110H, § 13, and Massachusetts common law.

## THE PARTIES

2.      Plaintiff John Hancock Life Insurance Company (U.S.A.) is a Michigan

corporation with a usual place of business at 601 Congress Street, Boston, Massachusetts, 02210.

3.      On information and belief, defendant Temania Group, Limited Partnership is a

Delaware limited partnership with a usual place of business at 161 N. Clark Street, Suite 4300,

Chicago, Illinois 60601.  Temania Group, Limited Partnership can be served with process

through its registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400,

Wilmington, Delaware 19808.

4.      On information and belief, defendant Temania Group GP, Inc. is a Delaware

corporation with a usual place of business at 161 N. Clark Street, Suite 4300, Chicago, Illinois

60601.  Temania Group GP, Inc. can be served with process through its registered agent,

Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware

19808.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Temania because Temania conducts its

business solely over the internet and regularly advertises to, enrolls, and/or provides educational

services to students located throughout the United States, including Massachusetts.  Temania

advertises its services via a website that enables visitors to apply online for admission to the

JOHN HANCOCK UNIVERSITY distance learning program; Temania's educational services

are then provided over the internet.

6.      Upon information and belief, this Court also has personal jurisdiction over Temania because Temania has committed acts of infringement in this district with regard to the subject matter of this action.  Specifically, Temania has used the mark JOHN HANCOCK UNIVERSITY on its website at *www.hancocku.edu*, which, upon information and belief, has been viewed in Massachusetts.  Upon information and belief, Temania intends to solicit business in Massachusetts and elsewhere, and has solicited business in Massachusetts, using the *www.hancocku.edu* website and/or other materials bearing the mark JOHN HANCOCK UNIVERSITY.  These actions have caused injury to John Hancock in Massachusetts.

7.      This action arises under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), the Trademark Dilution Revision Act, 15 U.S.C. § 1125(c), Massachusetts General Laws ch. 110H, § 13, and Massachusetts common law.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

### John Hancock's Longstanding Rights in the Famous JOHN HANCOCK Trademark

9.      John Hancock is a worldwide leader in financial services.  Founded in 1862, it is one of the oldest and best-known businesses in the United States.  For well over a century, John Hancock has provided myriad and trusted financial services under the mark and trade name JOHN HANCOCK, which is the subject of hundreds of trademark registrations worldwide.

10.      In addition to its array of financial services, John Hancock has for many decades provided a variety of educational services and opportunities, as well as financial support services, to schools and students.

Case 1:12-cv-12225-DJC   Document 1   Filed 11/30/12   Page 4 of 15


11.     John Hancock is the owner of many U.S. federal registrations for trademarks consisting of or containing JOHN HANCOCK in connection with various financial services, including Registration No. 557,033 for the mark JOHN HANCOCK (stylized) for "underwriting of life and endowment insurance, annuity and pure endowment insurance, and group accident and health insurance" in International Class 36, which claims first use in commerce at least as early as 1905, and Registration No. 1,287,236 for the mark JOHN HANCOCK in connection with "insurance underwriting services financial consultations and investment of funds for others" in International Class 36, which claims first use in commerce at least as early as 1969.  True and accurate copies of the relevant Certificates of Registration are attached hereto as Exhibit A.

12.     John Hancock is the owner of U.S. Registration No. 1,494,582 for the mark JOHN HANCOCK in connection with "educational services–namely, providing courses of instruction and clinics in running and fitness" in International Class 41, which claims first use in commerce at least as early as 1986.  A true and accurate copy of the relevant Certificate of Registration is attached hereto as Exhibit B.

13.     John Hancock owns two pending U.S. applications for registration of the mark JOHN HANCOCK (as both a standard character mark and a design mark), Application Serial Nos. 85/770,315 and 85/770,321, in connection with:

>"educational services, namely, providing classes, workshops, seminars and courses of instruction in the fields of financial services, business, insurance, and health and fitness; providing vocational education, internships and apprenticeships in the fields of business, financial services, information technology and leadership development; providing courses of instruction and clinics in running, fitness and sports; conducting educational arts programs for teenagers; and distributing course materials in connection with the foregoing; promoting the sporting events and athletic competitions of others" in International Class 41.

These applications claim first use in commerce at least as early as 1941.  These same applications identify financial services related to providing financial support to educational

institutions and students in International Class 36, and claim first use in commerce at least as early as 1967.  True and accurate copies of these applications are attached hereto as Exhibit C.

14.     Through its extensive use of the JOHN HANCOCK mark in connection with educational services since at least as early as 1941, John Hancock also owns common law trademark rights in the use of JOHN HANCOCK with respect to educational services.

15.     John Hancock's educational services include internships and programs for new graduates in actuarial development, information technology, finance, investing, and leadership, as well as robust undergraduate and MBA student internship programs in the same fields.  These services are marketed directly to students via John Hancock's website, email, and in person, including on college and university campuses.  John Hancock also publishes a newsletter called *Campus Connect*, which is distributed to undergraduate students and contains articles, interviews, and other information regarding career advice.

16.     John Hancock has actively used its JOHN HANCOCK trademark to sponsor and promote numerous educational and youth enrichment programs.

17.     As part of its commitment to excellence in financial services, for many years John Hancock has provided extensive vocational education and continuing professional education services throughout the United States.  Professionals completing these courses receive state-issued continuing education credit memorialized in certificates of completion bearing the famous JOHN HANCOCK brand.  John Hancock also provides a work force of nearly 6,000 employees with extensive on-the-job educational opportunities in the fields of business, investing, and finance.

18.     As a result of John Hancock's extensive and continuous use, promotion, and advertising for over 150 years (and for over 70 years in connection with educational services),

the JOHN HANCOCK trademark is famous and widely associated with John Hancock's services, and has acquired significant and valuable goodwill.

19.      The JOHN HANCOCK mark has been featured in *America's Greatest Brands*, a publication distributed by the American Brands Council.  In 1999, *The New York Times* named JOHN HANCOCK one of the "100 most powerful corporate, media and product brands of the 20th century."

20.      John Hancock has been the lead sponsor of the Boston Marathon each year since 1985.  John Hancock was an official sponsor of the Olympic Games for 15 years (most recently sponsoring the Summer Games in Beijing in 2008).  Banners featuring the JOHN HANCOCK mark were and are typically featured at these events.

21.      John Hancock advertises its JOHN HANCOCK services extensively on national television and in print media, as well as on building signage, including at Fenway Park in Boston and Dodger Stadium in Los Angeles.

22.      The JOHN HANCOCK brand has been promoted so widely, and is so well known to the public, that it has been the subject of a spoof on *Saturday Night Live* in the skit "John Hancock Insurance," which aired in Season 28, Episode 4 on November 2, 2002.  The JOHN HANCOCK brand was also spoofed in the popular 1990 movie *Crazy People* featuring Dudley Moore and Daryl Hannah.  Moore played a burned out advertising executive who decides to develop "truthful" advertising slogans for famous brands such as "John Hancock: We know you love him, but if he dies, we give you a summer home and two Mercedes-Benzes. Wouldn't that be nice, too?" and "Volvo: They're boxy but safe."

23.      John Hancock has made a significant investment in developing the JOHN HANCOCK brand over the course of many years, and it is now one of the most recognizable

trademarks in the United States.  Due to its status as a famous mark, JOHN HANCOCK is

entitled to a wide scope of protection.

**Temania's Unauthorized Use of the JOHN HANCOCK Mark**

24.     On information and belief, Temania Group, Limited Partnership purchased the

assets of an e-learning entity known as ELLIS UNIVERSITY on August 31, 2012, and adopted

the name JOHN HANCOCK UNIVERSITY for the resulting e-learning business operated by

Temania in or around September of 2012.

25.     The educational services that Temania advertises and provides under the JOHN

HANCOCK UNIVERSITY mark, including via the website at *www.hancocku.edu*, are

sufficiently similar to the educational services provided by John Hancock as to create a

likelihood of confusion in the marketplace.

26.     Temania promotes and offers its educational services to students nationwide,

including in Massachusetts.

27.     Temania purports to offer undergraduate degrees in, *inter alia*, accounting,

business administration, management of information systems, and paralegal studies.  Temania

also purports to offer graduate degrees, including an MBA and a Master of Science in

Management.

28.     According to the *www.hancocku.edu* website, Temania's fall 2012 trimester

began on September 3, 2012.  Upon information and belief, Temania is in the process of

transitioning from ELLIS UNIVERSITY to JOHN HANCOCK UNIVERSITY and plans to

complete its transition in or after January 2013.

29.     At the time Temania changed the name of ELLIS UNIVERSITY to JOHN

HANCOCK UNIVERSITY in or around September 2012, John Hancock had been using the

JOHN HANCOCK mark for over 150 years and had been using the mark in the field of

educational services for over 70 years.  Upon information and belief, Temania knew of John

Hancock's senior rights in the JOHN HANCOCK trademark when Temania adopted JOHN

HANCOCK UNIVERSITY as its own trademark.

**Actual Confusion Caused by Temania's Trademark Infringement**

30.     Temania's use of the JOHN HANCOCK UNIVERSITY mark has already caused

confusion in the marketplace and is likely to continue to cause confusion.  For example, on

information and belief, an individual named Henry Gorman, unaffiliated with either John

Hancock or Temania, edited the Wikipedia page for John Hancock (the historical figure) on

October 25, 2012, to state that the "[plaintiff] insurance company has passed on the [JOHN

HANCOCK] name to . . . John Hancock University."

31.     In addition, in an online forum on the website *www.degreeinfo.com* discussing the

name change from ELLIS UNIVERSITY to JOHN HANCOCK UNIVERSITY, various

individuals associated the change with the plaintiff John Hancock.  For example, the forum

contains the following comments:

> "Isn't John Hancock University the name used [by] the John
> Hancock Insurance Company for their in-house agent training
> program?"
>
> *        *        *        *        *
>
> "Personally, when I think of John Hancock I think of insurance."
>
> *        *        *        *        *
>
> "The 'John Hancock' name does have an association with
> insurance.  But this also implies security and wealth, which are
> generally positive connotations."

A true and accurate copy of a printout of the *www.degreeinfo.com* forum is attached hereto as

Exhibit D.

32.     John Hancock has been harmed and will continue to be harmed by such instances

of actual confusion and association.

8

**Tarnishment of the JOHN HANCOCK Trademark**

33.     Any dissatisfaction with the services of Temania provided under the name JOHN

HANCOCK UNIVERSITY is likely to reflect unfavorably upon John Hancock and tarnish the

valuable JOHN HANCOCK trademark.

34.     Upon information and belief, the services offered and provided by Temania under

the JOHN HANCOCK UNIVERSITY mark are not of an acceptable quality.

35.     For example, on information and belief, the Higher Learning Commission of the

North Central Association of Colleges and Schools withdrew the accreditation of ELLIS

UNIVERSITY (John Hancock University's former name) on August 31, 2011 for failure to meet

the minimum accreditation standards, citing "substantive and pervasive problems at the

institution with administrative oversight, integrity, planning and budgeting, sufficiency of

financial and human resources, and quality issues related to the oversight of teaching and

learning."

36.     Upon information and belief, the Higher Learning Commission of the North

Central Association of Colleges and Schools is a reputable accreditation organization, and its

accreditation is more widely recognized than any other accreditation that Temania may have

obtained in relation to ELLIS UNIVERSITY or JOHN HANCOCK UNIVERSITY.

37.     On information and belief, dissatisfied former students of ELLIS UNIVERSITY

have posted consumer complaints online at the Ripoff Report, *www.ripoffreport.com*.

38.     One complainant, identified as James, posted a Ripoff Report complaint on

March 9, 2009 criticizing ELLIS UNIVERSITY for the "flagrant and blatant ineptitude of the

advisors [he] was told to trust," and explaining that he felt "slighted and extremely unsatisfied

with [his] education here."  James withdrew from his graduate MBA program halfway to

completion.  A true and accurate copy of a printout of this complaint is attached hereto as Exhibit E.

39.     Another complaint posted by an unidentified Ripoff Report user on October 9, 2010 called ELLIS UNIVERSITY a "joke," citing difficulties communicating with instructors and procedural errors that negatively affected the writer's GPA.  A true and accurate copy of a printout of this complaint is attached hereto as Exhibit F.

40.     Additionally, in an online forum on the website *www.degreeinfo.com* discussing the name change from ELLIS UNIVERSITY to JOHN HANCOCK UNIVERSITY, various individuals criticized the quality of Temania's educational services.  Some individuals explicitly suggested that the name change was likely an attempt by Temania to conceal the flaws in its e-learning program.  The forum included the following comments:

> "John Hancock? Really? I don't see what's wrong with Ellis. But if they lost their accreditation, I guess that explains it."

> \*       \*       \*       \*       \*

> "I worked for [a predecessor] and Ellis College of NYIT for a while. … The place has been a disaster for years, and frankly, I'm shocked they are still afloat."

> \*       \*       \*       \*       \*

> "If they spent more time fixing the administration issues and less on trying to hide their tattered past, Ellis (or whatever they call themselves now) may survive."

> \*       \*       \*       \*       \*

> "I reckon they are trying to hide themselves from the wolves, and big skeleton in the closet - losing their Regional Accreditation. These folks are crazy - the site looks good though, better than EU."

A true and accurate copy of a printout of the *www.degreeinfo.com* forum is attached hereto as Exhibit D.

41.     On information and belief, Temania Group's parent company is The Eminata Group, a company based in Vancouver, British Columbia, Canada, that is a private provider of postsecondary education in Canada.

42.     On information and belief, The Eminata Group was the subject of a two-part education probe by *The Province*, British Columbia's most widely read daily newspaper, which raised serious questions regarding The Eminata Group's business practices and the quality of instruction at some of its schools.  The same probe was later the subject of discussion by the British Columbia Legislative Assembly, where one legislator asked what the British Columbia government was doing to address student complaints.

43.     On information and belief, The Eminata Group was also the subject of a British Columbia Ministry of Advanced Education inquiry investigating how a senior member of The Eminata Group acquired private correspondence between The Province and Ministry of Advanced Education staff.  This investigation resulted in the resignation of British Columbia provincial minster Harry Bloy.

44.     To the extent that consumers form a negative impression of JOHN HANCOCK UNIVERSITY, whether due to the quality of Temania's services or for any other reason, John Hancock has been and will continue to be harmed.

## COUNT I
### Trademark Infringement, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a)

45.     John Hancock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

46.     Temania's unauthorized use of the name JOHN HANCOCK UNIVERSITY constitutes a use in commerce of a word, term, name, symbol, or device, or some combination thereof, or a false designation of origin, false or misleading description of fact, or false or

misleading representation of fact, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association among and between the parties and their respective services, or confusion or mistake as to the origin, sponsorship, or approval among and between the parties and their respective services.

47.     John Hancock has been, is now, and will be irreparably injured and damaged by Temania's conduct as described above, and unless such conduct is enjoined by the Court, John Hancock will suffer further harm to its trademark, reputation, and goodwill.  This harm constitutes an injury for which John Hancock has no adequate remedy at law.

## COUNT II
### Trademark Infringement Under 15 U.S.C. § 1114(1)

48.     John Hancock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

49.     Temania's unauthorized use of the name JOHN HANCOCK UNIVERSITY in connection with educational services constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of John Hancock's registered mark JOHN HANCOCK that is likely to cause confusion, or to cause mistake, or to deceive.

50.     John Hancock has been, is now, and will be irreparably injured and damaged by Temania's conduct as described above, and unless such conduct is enjoined by the Court, John Hancock will suffer further harm to its trademark, reputation, and goodwill.  This harm constitutes an injury for which John Hancock has no adequate remedy at law.

## COUNT III
### Common Law Trademark Infringement

51.     John Hancock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

52.     Temania's unauthorized use of the name JOHN HANCOCK UNIVERSITY in connection with educational services is likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of Massachusetts common law.

53.     John Hancock has been, is now, and will be irreparably injured and damaged by Temania's trademark infringement, and unless such infringement is enjoined by the Court, John Hancock will suffer further harm to its trademark, reputation and goodwill.  This harm constitutes an injury for which John Hancock has no adequate remedy at law.

## COUNT IV
### Trademark Dilution Under 15 U.S.C. § 1125(c)

54.     John Hancock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

55.     The JOHN HANCOCK mark is distinctive and famous, and became famous long before Temania commenced using the name JOHN HANCOCK UNIVERSITY.

56.     Temania's unauthorized use of the name JOHN HANCOCK UNIVERSITY is likely to cause both dilution by blurring and dilution by tarnishment of John Hancock's famous JOHN HANCOCK mark.

57.     John Hancock has been, is now, and will be irreparably injured and damaged by Temania's conduct as described above, and unless such conduct is enjoined by the Court, John Hancock will suffer further harm to its trademark, reputation, and goodwill.  This harm constitutes an injury for which John Hancock has no adequate remedy at law.

## COUNT V
### Trademark Dilution Under M.G.L. ch. 110H, § 13

58.     John Hancock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

59.     Temania's unauthorized use of the name JOHN HANCOCK UNIVERSITY is likely to cause injury to John Hancock's business reputation and dilution of the distinctive quality of the JOHN HANCOCK trademark and trade name.

60.     John Hancock has been, is now, and will be irreparably injured and damaged by Temania's conduct as described above, and unless such conduct is enjoined by the Court, John Hancock will suffer further harm to its trademark, reputation, and goodwill.  This harm constitutes an injury for which John Hancock has no adequate remedy at law.

### REQUEST FOR RELIEF

WHEREFORE, John Hancock requests that this Court:

1.     Enter judgment in favor of John Hancock on all counts;

2.     Enter a preliminary and permanent injunction restraining Temania and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them:

   a.   From in any way using, displaying, advertising, copying, imitating, or infringing upon the JOHN HANCOCK trademark;

   b.   From using or displaying the JOHN HANCOCK trademark or confusingly similar variations thereof, including without limitation JOHN HANCOCK UNIVERSITY, in any written or oral advertisements, displays, signs, sales promotions, reservations, domain names, the Internet, or in any other public communication in connection with Temania's services;

   c.   From otherwise infringing upon or diluting John Hancock's JOHN HANCOCK mark; and

   d.   From otherwise unfairly competing with John Hancock;

3.     Order that Temania account and pay over to John Hancock all gains, profits, and advantages derived from the use of the JOHN HANCOCK UNIVERSITY mark, pursuant to 15 U.S.C. § 1117 and other applicable law;

4.     Order that Temania pay John Hancock the damages which John Hancock has sustained by reason of the conduct alleged herein;

14

5.      Order that Temania pay pre-judgment interest on John Hancock's damages as provided in 15 U.S.C. §1117 and other applicable law;

6.      Order that Temania pay the costs of this action as provided in 15 U.S.C. § 1117 and other applicable law;

7.      Order that Temania pay John Hancock's attorneys' fees as provided by 15 U.S.C. § 1117 and other applicable law; and

8.      Grant such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, John Hancock hereby demands a jury trial on all claims so triable.

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.)

By its attorneys,

 /s/ Julia Huston
Julia Huston (BBO #562160)
Jenevieve J. Maerker (BBO #670266)
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617-832-1000
Facsimile:  617-832-7000
jhuston@foleyhoag.com
jmaerker@foleyhoag.com

Dated:  November 30, 2012